IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:23-cr-00201-01

TIMOTHY A. WARD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Defendant's pro se *Request for Compassionate Sentence Reduction Consideration* (Document 88). Therein, the Defendant asserts that he completed various programming and is participating in a peer specialist apprenticeship program. He further indicates that his wife is struggling to balance the care needs of their child and her parents, who are in poor health.

      He requests a two-year reduction to his sentence and states that such a reduction would permit him to complete the apprenticeship program, immediately enter the RDAP program, and more quickly return to society to help support his family.

      Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such

circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Fourth Circuit has held that a district court considering a motion for compassionate release must first "determine[] whether the defendant is eligible for a sentence reduction" by finding "that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (internal quotation marks omitted). The court then "considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

The United States Sentencing Guidelines provide that a term of imprisonment may be reduced upon a determination that "extraordinary and compelling reasons warrant the reduction…, the defendant is not a danger to the safety of any other person or the community…and the reduction is consistent with the policy statement." U.S.S.G. § 1B1.13(a). The policy statement further provides a list of circumstances that constitute extraordinary and compelling reasons, including terminal illness, certain other serious medical issues, certain infectious disease outbreaks or public health emergencies, aging related health problems in defendants 65 and over who have served 10 years or 75% of their sentence, family caregiving obligations, or sexual or physical abuse of the defendant while in custody by an individual with custody or control over the defendant. § 1B1.13(b)(1)-(4). In addition, other circumstances or combinations of circumstances of similar gravity may constitute extraordinary and compelling reasons.

Mr. Ward does not indicate that he exhausted administrative remedies by requesting compassionate release from the warden. Assuming that he did so, the Court finds that he has not

set forth extraordinary and compelling reasons justifying a sentence reduction. Many people who are incarcerated have family members who take on additional financial and caregiving burdens due to their absence. The Defendant is not the sole caregiver available for an immediate family member. A two-year reduction in his sentence also would not alleviate the immediate burden on his wife.[1] Completing programs, while commendable, is part of the rehabilitative purpose of incarceration and does not independently warrant a reduced sentence.

Finding that the Defendant has not set forth extraordinary and compelling reasons warranting a reduced sentence, the Court **ORDERS** that his *Request for Compassionate Sentence Reduction Consideration* (Document 88) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 7, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

1 The Bureau of Prisons Inmate Finder tool indicates that Mr. Ward has a release date of June 4, 2031.