**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. CRIMINAL ACTION NO. 2:23-cr-00201-01

TIMOTHY A. WARD,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro se *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 90). Therein, the Defendant asserts that he can demonstrate exceptional post-sentencing rehabilitation and a commitment to serving others, and he contends that a sentence reduction would be "consistent with evolving considerations related to drug purity and sentencing practices, as well as the spirit of earned time credit programs such as RDAP." (Mot. at 1.) He cites his coursework, completion of behavioral programming, good conduct, and positive contributions within the institution. He also notes his desire to return home and support his family. He argues that the goals of sentencing have been accomplished and further incarceration is unnecessary. He requests a 2-year reduction in his sentence. Mr. Ward submitted a similar request to the Warden.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Fourth Circuit has held that a district court considering a motion for compassionate release must first "determine[] whether the defendant is eligible for a sentence reduction" by finding "that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (internal quotation marks omitted). The court then "considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

The United States Sentencing Guidelines provide that a term of imprisonment may be reduced upon a determination that "extraordinary and compelling reasons warrant the reduction…, the defendant is not a danger to the safety of any other person or the community…and the reduction is consistent with the policy statement." U.S.S.G. § 1B1.13(a). The policy statement further provides a list of circumstances that constitute extraordinary and compelling reasons, including terminal illness, certain other serious medical issues, certain infectious disease outbreaks or public health emergencies, aging related health problems in defendants 65 and over who have served 10 years or 75% of their sentence, family caregiving obligations, or sexual or physical abuse of the defendant while in custody by an individual with custody or control over the defendant. § 1B1.13(b)(1)-(4). In addition, other circumstances or combinations of circumstances of similar gravity may constitute extraordinary and compelling reasons.

The Court finds that Mr. Ward has not set forth extraordinary and compelling reasons justifying a sentence reduction. Completing programs, while commendable, is part of the rehabilitative purpose of incarceration and does not independently warrant a reduced sentence. *See* U.S. Sentencing Guidelines Manual §1B1.13(d) ("rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason…. However, rehabilitation…may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted"). Likewise, a general change in sentence practices does not constitute extraordinary and compelling circumstances, absent a showing that the sentence reflects a gross disparity between the sentence being served and the sentence likely to be imposed at the time of the motion.[1] *Id.* at § 1B1.13(b)(6).

Finding that the Defendant has not set forth extraordinary and compelling reasons warranting a reduced sentence, the Court **ORDERS** that the Defendant's pro se *Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 90) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: August 27, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

1 The Court is unaware of any change in the statutory or Guideline sentencing ranges applicable to Mr. Ward. This Court, like many district courts, gives consideration to downward variances in cases involving high-purity methamphetamine or Ice, but the drug purity was unknown in Mr. Ward's case, and his Guideline range was calculated using the methamphetamine, rather than Ice, ratio.